## QUESTIONS RELATING TO SEWER ASSESSMENTS.

Circuit Court of Montgomery County.

### JOHN W. KING v. THE CITY OF DAYTON.*

Decided, June 16, 1907.

*Ordinances—For Sewer Improvements—Notice to the Property Owner —Law Governing Assessment—Pumping Station may be Included in Cost—Benefits—Surface Drainage and Storm Water—Jurisdiction for Reduction of Assessment.*

1. A sewer district is not changed by a reference in the resolution of necessity to a part of the territory only, leaving the remainder for future description and improvement.

2. Where the sewer is adequate and so located that it may be utilized in the future, the lands must be regarded as specially benefited, notwithstanding the property is not so improved as to make sewer connections available.

3. A pumping station is a necessary part of a sewer equipment and its cost may be included in the assessment.

4. There is no jurisdiction in a court of equity to reduce a sewer assessment which is not grossly excessive.

DUSTIN, J.; WILSON, J., and SULLIVAN, J., concur.

The sewer districts were never changed. The reference in the resolution of the necessity and the ordinance, etc., to those parts of the district covered by the plan of improvement, as "sewer districts Nos. 6 and 7" was an error of description simply and did not constitute a repealing or amending clause. The ordinance

---

* Affirming *King* v. *City of Dayton,* 5 N. P.—N. S., 369.

itself was not inconsistent with the sewer district plan already established. It simply covered a part of the territory, leaving the remainder for further disposition. It is competent, however, to assess the whole district for the construction of the main sewer. According to the statute the assessment can not be made in any other way. Should a new main sewer ever be constructed west of Western avenue, the property east of it in the same district will have to help pay for it.

If the notice was misleading and plaintiff did not have his day in court at the time, he has it now and may present his objections.

It is not necessary that property be improved so as to make sewer connections immediately available. If the sewer is adequate and so located that it may be utilized in the future, the lands are specially benefited. The presumption is that the present plan will be perfected so as to include convenient laterals as the city grows. The assessment for the main sewer can be but once and must be now in order to provide prompt payment for its construction.

Conceding that the law in force at the time of the passage of the resolution of necessity applies as to the time of collection. etc., wherein has the plaintiff been prejudiced? The few days difference in interest would be too small for the consideration of a court of equity. Besides, it was an error for which there is a remedy at law.

There was no excess in the amount assessed for the main sewer. The pumping station was a necessary part of the equipment.

The increased cost necessary to make it large enough for the storm water for the entire district should be collected therefrom, because the present surface drainage for that part which is west of Western avenue is but temporary and must inevitably be wiped out by the improvements as they are constructed.

The assessments must be grossly excessive in order to come within our jurisdiction for reduction. We do not find them so. Decree for defendants.

*William G. Frizell* and *R. G. Corwin,* for plaintiff.

*Thomas B. Herrman,* City Solicitor, and *Philo G. Burnham,* Assistant Solicitor, contra.